SO ORDERED: February 15, 2017.



_____
James M. Carr
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DANIEL LEE HOVIOUS, ) | Case No. 10-03917-JMC-13 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| DANIEL LEE HOVIOUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 16-50195 |
| ) | |
| BRIDGEWATER HOMEOWNERS ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Defendant. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This adversary proceeding came before the Court for a trial on November 14, 2016.

Plaintiff Daniel Lee Hovious ("Hovious") appeared by counsel Mark S. Zuckerberg. Defendant

Bridgewater Homeowners Association, Inc. ("Bridgewater" or "HOA") appeared by counsel

Stephen R. Donham and Jeffrey M. Bellamy. At the conclusion of the trial, the Court took the matter under advisement, with the parties invited to submit post-trial briefs.

The Court, having reviewed the evidence presented at trial, including the *Joint Stipulation to Background Facts and Authenticity of Documents* (Bridgewater's Exhibit A), the *Defendant's Post-Trial Brief* filed on November 29, 2016 (Docket No. 15) (the "HOA's Brief"), and the other matters of record in this adversary proceeding; having heard the presentations of counsel at trial; and being otherwise duly advised, now enters the following findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052, consistent with its statements on the record at the conclusion of the trial.

## Findings of Fact

Hovious and Bridgewater have jointly stipulated to the following facts:

1. Since at least May 21, 2009, Hovious uninterruptedly has held sole legal and equitable title to the property commonly known as 1852 Bridgewater Drive, Avon, Indiana 46123 ("Lot").

2. Hovious has held at least a partial ownership interest in the Lot since October 14, 1999.

3. On March 24, 2010, Hovious filed a bankruptcy petition under Chapter 13 in case number 10-03917-JMC-13 ("Bankruptcy Petition").

4. Schedule F of the Bankruptcy Petition lists Bridgewater as a creditor holding an unsecured nonpriority claim and identifies that claim as "2009 HOA Dues."

5. On March 24, 2010, Hovious filed his Chapter 13 Plan ("Plan").

6. The Plan's only mention of Bridgewater is in Section 9(d) in which Hovious states that he "intends to surrender" the "[r]esidende" [*sic*].

7. The Plan is devoid of any mention of (a) 2010 homeowners' association assessments arising prepetition or (b) any post-petition assessments.

8. On May 25, 2010, the Bankruptcy Court issued the *Order Confirming Plan* ("Confirmation Order").

9. On September 19, 2011, Hovious filed his *Motion for Entry of Chapter 13 Discharge*.

10. On September 20, 2011, the Bankruptcy Court issued its order granting a discharge ("Discharge Order").

11. As of the trial, neither Bridgewater nor Hovious' mortgage lender had completed a foreclosure action to take title to the Lot through a sheriff's sale.[1]

12. As of the trial, Bridgewater had not initiated a lien foreclosure action to obtain title to the Lot nor had it commenced any litigation against Hovious following the entry of the Discharge Order.

13. The Lot is located within Section 2 of the Bridgewater subdivision.

14. Bridgewater is a not-for-profit corporation existing under the laws of the State of Indiana with a principal place of business in Indianapolis, Marion County, Indiana.

15. The primary purpose of Bridgewater is to manage the residential community known as "Bridgewater" located in Washington Township, Hendricks County, Indiana.

---

[1] The stay of Bankruptcy Code § 362 was terminated on May 25, 2010 to allow the mortgagee to proceed with foreclosure of the Lot, which was abandoned as property of the estate. Under Bankruptcy Code § 362(c)(1), "the stay of an act against property of the estate…continues until such property is no longer property of the estate". Under Bankruptcy Code § 1327(b), "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all the property of the estate in the debtor." Therefore, the Court decides that the date that the Plan was confirmed is the date that the stay was terminated.

16. The *Declaration of Covenants, Conditions and Restrictions for Bridgewater Section 1*, was recorded on September 24, 1997, in the Office of the Recorder of Hendricks County, Indiana as Instrument Number 9700020155 ("Declaration").

17. The *Second Amendment to Declaration of Covenants, Conditions and Restrictions for Bridgewater, Section 1 to Provide for the Addition of Bridgewater, Section 2 and Designation of Joint Common Areas* was recorded on October 22, 1998, in the Office of the Recorder of Hendricks County, Indiana as Instrument Number 9800028191 ("Section 2 Amendment").

18. The *Eighth Amendment to Declaration of Covenants, Conditions, and Restrictions for Bridgewater, Section 1* was recorded on January 18, 2008, in the Office of the Recorder of Hendricks County, Indiana as Instrument Number 200801596 ("8th Amendment").

19. The *Ninth Amendment to Declaration of Covenants, Conditions, and Restrictions for Bridgewater Section 1* was recorded on March 25, 2013, in the Office of the Recorder of Hendricks County, Indiana as Instrument Number 201308189 ("9th Amendment").

20. The Declaration, Section 2 Amendment, 8th Amendment, and 9th Amendment shall be referred to herein collectively as the "Governing Documents".

21. The Lot is subject to the Governing Documents.

22. The Governing Documents provide, among other things, that owners within "Bridgewater," including the owner of the Lot, shall pay regular and special assessments.

23. Since the filing of the Petition, Hovious has not paid homeowners association assessments, which continue to accrue. This includes any amounts assessed following Hovious' discharge.

24. Bridgewater has provided maintenance, repairs, and other efforts beneficial to the Lot since prior to and after the filing of the Bankruptcy Petition.

25. On December 18, 2012, Bank of America commenced a foreclosure action against Hovious and the Lot under Cause Number 32D02-1212-MF-000827. That matter was dismissed on June 6, 2016.

26. On November 30, 2015, Wilmington Savings Fund Society, FSB commenced a foreclosure action against Hovious and the Lot under Cause Number 32D02-1511-MF-000397.

27. On June 27, 2016, Wilmington Savings Fund Society, FSB obtained a judgment against the Lot and filed a praecipe for a sale of the Lot by Sheriff of Hendricks County, Indiana.

28. Bridgewater has not filed for foreclosure against the Lot nor commenced any action against Hovious for unpaid assessments.

29. Prior to trial, Hovious had never offered to abandon the Lot to Bridgewater.

30. On August 10, 2015, Bridgewater, by counsel, mailed a letter dated August 10. 2015 to Hovious.

31. On or around August 14, 2015, Hovious' counsel Mark Zuckerberg called counsel for Bridgewater to discuss the content of the August 10, 2015 letter.

32. On June 16, 2016, Bridgewater, by counsel, mailed a letter dated June 16, 2016 to Hovious.

The Court makes the following additional findings of fact:

33. Hovious has not occupied the Lot since February 2010.

34. Hovious continued to use the Lot's address as his residence for voting, registration of vehicles with the Indiana Bureau of Motor Vehicle, and other purposes

35. Hovious has incurred $4,732.50 in attorneys' fees prosecuting this adversary proceeding. Hovious presented no evidence of any other asserted damages in support of his claim against Bridgewater.

**Conclusions of Law**

The Court makes the following conclusions of law[2]:

This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper in this matter pursuant to 28 U.S.C. §§ 1408 and 1409.

**Willful Violation of Discharge Injunction**

In the Complaint, Hovious asserts that the HOA committed a "gross and willful violation of the discharge injunction", as set forth in Bankruptcy Code § 524. The basis for Hovious' claim is that the HOA made demand upon Hovious and took steps to collect from him post-petition dues assessable against the Lot owned by Hovious and located in the Bridgewater Subdivision. The HOA admits that it took such actions. However, even though Hovious has consistently intended to surrender ownership of the Lot to his first mortgage mortgagee, currently Wilmington Savings Fund Society, that mortgagee had not, as of trial, completed a foreclosure to terminate Hovious' ownership interest.

The Court concludes that the HOA may have technically violated the discharge injunction of Bankruptcy Code § 1328. However, for the reasons explained below, any such violation was not willful and therefore no damages are awarded for any such violation that may have occurred.

Whether Hovious' obligation for post-petition HOA dues was discharged by the confirmation of his Plan is a very close and novel question for this Court. Such a discharge could occur only if Hovious unambiguously and categorically gave up all incidents of occupancy of the Lot as of the petition date. Here, Hovious testified that he has not occupied the Lot since

---

[2] Any finding of fact above will also be a conclusion of law, and any conclusion of law will also be a finding of fact to support the judgment of the Court.

February 2010. However, some ambiguity arose because Hovious continued to use the Lot's address as his residence for voting, registration of vehicles with the Indiana Bureau of Motor Vehicle, and other purposes. Because the mortgagee has not completed its foreclosure and sheriff's sale of the Lot, Hovious is still the record holder of title. In light of these ambiguities and the uncertain nature of the law regarding a chapter 13 debtor's personal liability for post-petition homeowner's dues where, as here, the debtor retains title, the Court does not deem any violation by the HOA of the discharge injunction to be actionable or the basis for the award of damage recoverable by Hovious.[3]

HOA proceeded in good faith and pursuant to a reasonable interpretation of applicable law. The cases cited by HOA in support of its position, including *River Place East Hous. Corp. v. Rosenfeld (In re Rosenfeld)*, 23 F. 3d 833, 837 (4th Cir. 1994) and Foster v. Double R Ranch Ass'n (*In re Foster*), 435 B.R. 650, 660-61 (B.A.P. 9th Cir. 2010), as well as *Beeter v. Tri-City Prop. Mgmt. Serv., Inc.* (*In re Beeter*), 173 B.R. 108 (Bankr. W.D. Tex. 1994) (not cited by HOA), stand for the proposition that covenants, like the one in this case, that provide for the payment of homeowner's dues run with the land such that a debtor who remains in title post-petition is personally liable for post-petition dues assessed against the property.

However, the Court agrees with the reasoning of *In re Heflin*, No. 09-18642-SSM, 2010 WL 1417776 (Bankr. E.D. Va. Apr. 1, 2010) and *In re Colon*, 465 B.R. 657 (Bankr. D. Utah 2011). Those cases determined that where the debtor, as here, intended to surrender all ownership interests to a mortgagee and no longer occupied the property, the debtor has "no

---

[3] The Court believes that to resolve the ambiguity, Hovious should tender to the HOA a quit claim deed to the Lot. If the HOA refuses to take title to the Lot, then actions the HOA may take to seek to collect dues accruing after such a tender might become the subject of a successful action for recovery by Hovious.

consequential interest" in the property and therefore even if the covenant "runs with the land", it should not impose personal liability on the debtor.[4]

The Court finds it dispositive that Bankruptcy Code § 523(a)(16) expressly does not carve out of the "super discharge" of Bankruptcy Code § 1328(a) "a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to … a lot in a homeowners association." By carving such post-petition obligations from the discharge granted in chapter 7 cases and as a hardship discharge in chapter 13, Congress indicated its intention that the § 1328(a) "super discharge" cuts off obligations for post-petition homeowners association dues.

Therefore, although it is a tough issue and one of first impression for this Court, the Court believes that Hovious was discharged from the post-petition homeowners' assessments regarding the Lot because Hovious ceased to enjoy any significant incidents of ownership. However, the Court concludes that any violation by the HOA of the discharge injunction was not willful but instead justified by the HOA's good faith interpretation of the applicable law.

## Decision

Based on the foregoing, the Court will enter judgment contemporaneously herewith for Hovious and against HOA on the complaint only to the extent the complaint asserts a violation of the discharge injunction, but will not award any damages consistent with these findings of fact and conclusions of law, with each party to bear his/its own costs.

# # #

---

[4] Of course the HOA continues to have the right to enforce existing and accruing obligations *in rem* by virtue of its lien against the Lot.